[Cite as *State v. Martin*, 2012-Ohio-6282.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 12-COA-020 |
|  | : |  |
|  | : |  |
| PAUL J. MARTIN | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING: Criminal Appeal from Ashland County Court of Common Pleas Case No. 12-CRI-009

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: December 24, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RAMONA FRANCESCONI ROGERS      MATTHEW J. MALONE
Ashland County Prosecutor              11 ½ East Second Street
Ashland County, Ohio                   Ashland, Ohio 44805

DANIEL J. PETRICINI
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Edwards, J.*

{¶1} Appellant, Paul J. Martin, appeals a judgment of the Ashland County Common Pleas Court convicting him of gross sexual imposition (R.C. 2907.05(A)(4)) and attempted gross sexual imposition (R.C. 2907.05(A)(4), R.C. 2923.02(A)) upon a plea of guilty. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} In 2011, the nine-year-old daughter of appellant's girlfriend, disclosed to a family member that appellant had touched her inappropriately on several occasions. Ashland County Department of Job and Family Services investigated the complaint. The victim told a caseworker that appellant touched her vagina on at least five occasions while her mother was at work. On one occasion, appellant told the victim to come into her bedroom and remove her pants. He placed his hand down her underwear and rubbed her vaginal area with his fingers. He also undressed and instructed her to touch his underwear.

{¶3} When police spoke to appellant, he admitted that he touched the child's vagina once or twice and compared the touching to petting a cat.

{¶4} Appellant was charged with two counts of gross sexual imposition and one count of attempted rape. Pursuant to a plea agreement, appellant pleaded guilty to one count of gross sexual imposition and one count of attempted gross sexual imposition. The court sentenced appellant to sixty months incarceration for gross sexual imposition and eighteen months incarceration for attempted gross sexual imposition, to be served consecutively. Appellant assigns two errors on appeal:

{¶5}   "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2929.14(C)(4); SAID CONSECUTIVE SENTENCES EXCEEDED THE MAXIMUM PRISON TERM PURSUANT TO OHIO REVISED CODE SECTION 2929.14(A)(3)(A), AND WERE NOT CONSISTENT WITH THE DIRECTIVES ESTABLISHED IN OHIO REVISED CODE SECTION 2929.14(C)(4) AND/OR WERE CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

{¶6}   "II. THE SENTENCES IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.11(A)."

I

{¶7}   In his first assignment of error, appellant argues that the court did not articulate appropriate findings to support consecutive sentences.  He also argues that based on the facts of the case, consecutive sentences were contrary to law because the offenses were not "excessively serious in nature," appellant expressed remorse and he is not likely to commit future offenses.

{¶8}   Appellant was sentenced on May 23, 2012, pursuant to the newly enacted House Bill 86. 2011 Am. Sub. H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am. Sub.

H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

{¶9} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Emphasis added).

{¶13} In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended " to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's

decision in *State v. Foster* (2006), 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), Ohio St.3d, Slip Opinion No. 2010-Ohio-6320." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**{¶14}** The First District Court of Appeals has observed, "The consecutive-sentence findings required by R.C. 2929.14(C) are not the same as those required by former R.C. 2929.19(B)(2), which provided that the trial court 'shall impose a sentence and shall make a finding that *gives its reasons* for selecting the sentence * * * (c) If it imposes consecutive sentences.' (Emphasis added.) *See State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 14–16. In 2003, the Ohio Supreme Court held that the requirement that a trial court give its reasons for selecting consecutive sentences was 'separate and distinct from the duty to make the findings,' and it imposed an obligation on trial courts to articulate the reasons supporting their findings at the sentencing hearing. *Id.* at ¶ 19–20, 793 N.E.2d 473. The trial court's obligation to 'give its reasons' is now gone from the sentencing statutes. Gone with it, we hold, is the requirement that the trial court articulate and justify its findings at the sentencing hearing. A trial court is free to do so, of course. But where, as here, there is no statutory requirement that the trial court articulate its reasons, it does not commit reversible error if it fails to do so, as long as it has made the required findings. *See Phillips,* 1st Dist. No. C–960898, 1997 Ohio App. LEXIS 2615, 1997 WL 330605." *State v. Alexander,* 1st

Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 18. *Accord, State v. Frasca,* 11th Dist. 2011–T–0108, 2012–Ohio–3746, ¶ 57.

{¶15} The trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences, provided it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Nowlin,* 5th Dist. No. CT2012–0015, 2012-Ohio-4923, ¶ 70. An appellate court may only sustain an assignment of error challenging the imposition of consecutive sentences under R.C. 2929.14 if the appellant shows that the judgment was clearly and convincingly contrary to law. *Id.*

{¶16} The trial court stated in the judgment entry of sentencing that consecutive sentences are necessary to protect the public from future crime, that consecutive sentences are not disproportionate to the seriousness of the appellant's conduct and the danger he poses to the public, and due to appellant's history of criminal conduct consecutive sentences are necessary to protect the public from future crime by appellant. The trial court stated from the bench during the sentencing hearing:

{¶17} "I have reviewed and considered and weighed all of the various factors that the Court must consider and weigh when deciding on an appropriate sentence. I would note that (inaudible) score in this particular case indicates that your risk level for reoffending is high. We have had prior prison terms, you were on probation at the time of the offense, and I agree somewhat with the Prosecutor's interpretation of whether or not you've shown remorse with regard with the way that you described how the victims would have felt….

{¶18} "Further making a finding that consecutive service of the two prison sentences is necessary to protect the public from future crimes and consecutive

sentences are not disproportionate to the seriousness of the offender's conduct, this being a nine-year-old girl, and I don't think it's disproportionate to the danger that you continued to pose to the public.

{¶19} "I am further finding and making a determination that your history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crimes by you, Mr. Martin." Tr. 8-10.

{¶20} The trial court made sufficient findings to justify consecutive sentencing. Further, we cannot find that consecutive sentences in the instant case were clearly and convincingly contrary to law. Appellant had served prior prison terms and was on probation at the time of the offense. While he claimed at the hearing to feel remorse, he had earlier expressed that he believed touching the victim in this manner made her feel loved and admired. The victim was the nine-year-old daughter of his girlfriend, who he watched while his girlfriend was at work. The presentence investigation report stated that he was at high risk to reoffend.

{¶21} The first assignment of error is overruled.

II

{¶22} In his second assignment of error, appellant argues that the sentence imposed by the court created an unnecessary burden on state resources in violation of R.C. 2929.11(A).

{¶23} R.C. 2929.11(A) provides:

{¶24} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the

offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶25} As we noted in *State v. Ferenbaugh,* 5th Dist. No. 03COA038, 2004–Ohio–977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* 5th Dist. No. 2008-COA-036, 2009-Ohio-3105, this Court reviewed a similar claim. We found that, although burdens on State resources may be a relevant sentencing criteria, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors, *Shull,* at paragraph 22, citing *State v. Ober,* 2nd Dist. No. 97CA0019, 1997 WL 624811 (October 10, 1997).

{¶26} In the instant case, a prison sentence is not an unnecessary burden on state resources.  Appellant had a lengthy criminal history and had served prior terms of imprisonment.  He was on probation at the time of the offense, and had previously shown an inability to comply with community control sanctions.  While in the courtroom he expressed remorse, he had earlier compared touching the nine-year-old victim's vaginal area to petting a cat, and had told authorities that he thought touching her in this manner made her feel loved and admired.  His presentence investigation revealed that his likelihood of recidivism was high.

**{¶27}** The second assignment of error is overruled.

**{¶28}** The judgment of the Ashland County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. concurs and

Hoffman, J. concurs separately

_____

_____

_____

JUDGES

JAE/r1101

*Hoffman, J., concurring*

{¶29} I concur in the majority's analysis and disposition of Appellant's second assignment of error.

{¶30} I further concur in the majority's disposition of Appellant's first assignment of error, but do so for the reasons set forth in my concurring opinion in *State v. Nowlin*, 5th Dist. No. CT 2012-0015, 2012-Ohio-4923.

_____

HON. WILLIAM B. HOFFMAN

[Cite as *State v. Martin*, 2012-Ohio-6282.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PAUL J. MARTIN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-COA-020 |

 

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES