[Cite as *State v. Brooks*, 2013-Ohio-2169.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

     Appellee

v.

GORDON L. BROOKS

     Appellant

C.A. Nos.     26437
                26352

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 11 09 2446
              CR 11 11 3172

DECISION AND JOURNAL ENTRY

Dated: May 29, 2013

---

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Gordon L. Brooks appeals from the judgments of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} In case number CR-2011-11-3172, Mr. Brooks was indicted for one count of passing bad checks in violation of R.C. 2913.11, a fifth-degree felony. In case number CR-2011-09-2446, Mr. Brooks was indicted for one count of forgery in violation of R.C. 2913.31(A)(1)/(3), also a fifth-degree felony. In a separate case number, not subject to this appeal, Mr. Brooks was indicted on various other counts including aggravated robbery; that matter was tried to the bench and the court found him not guilty. The cases described above proceeded before the same trial judge, although the matters were never consolidated below. On

February 27, 2012, Mr. Brooks pleaded guilty to passing bad checks and forgery. On February 28, 2012, after reading its verdict on the aggravated robbery case, the trial court sentenced Mr. Brooks to a total of two years in prison for his convictions for passing bad checks and forgery. Mr. Brooks separately appealed the convictions, and the appeals were consolidated. Mr. Brooks has raised three assignments of error for our review.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING THE APPELLANT TO A MAXIMUM SENTENCE, BEING 12 MONTHS ON EACH OFFENSE CONSECUTIVE WHEN THAT SENTENCE DOES NOT MEET THE REQUIREMENTS SET FORTH IN O.R.C. 2929.14, 2929.11 AND 2929.12.

{¶3} Mr. Brooks asserts in his first assignment of error that the trial court erred in sentencing him to twelve months on each count as it was inconsistent with the purposes and principles of sentencing.[1] We do not agree.

{¶4} The Ohio Supreme Court held in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus, that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." "[N]evertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

---

[1] While Mr. Brooks also complains about the consecutive nature of his sentences, that argument will be resolved in addressing the merits of his second assignment of error.

{¶5}     After *Foster*, a plurality of the Supreme Court of Ohio held that appellate courts should implement a two-step process when reviewing a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, ¶ 26.  The Court stated:

> First, [appellate courts] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*Id.*

{¶6}     "Although a sentencing judge must consider the principals and purposes of sentencing in imposing a sentence, he or she is not required to make findings or give their reasons before imposing a maximum sentence." *State v. Jackson,* 9th Dist. No. 26234, 2012-Ohio-3785, ¶ 25.  "[W]here the trial court does not put on the record its consideration of [R.C.] 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes."  (Internal quotations and citations omitted.)  *Id.*  Nonetheless, because a reviewing court must also determine whether a trial court abused its discretion in imposing a sentence, *Kalish* at ¶ 26, the record must contain sufficient information whereby the appellate court can discern that the trial court acted within its discretion.

{¶7}     In the instant matter, the trial court indicated in its judgment entries that it considered the factors set forth in R.C. 2929.11 and 2929.12.  Moreover, Mr. Brooks' sentences were within the statutory range for fifth-degree felonies.  *See* R.C. 2929.14(A)(5).

{¶8}     It appears that Mr. Brooks' argument is that there was not sufficient evidence presented at the sentencing hearing to justify a maximum sentence when R.C. 2929.11 and 2929.12 are considered.   While it is true, that Mr. Brooks' sentencing hearing was brief, we cannot conclude that the trial court's sentence is either contrary to law or an abuse of discretion.

The prosecutor requested that the trial court sentence Mr. Brooks to two years total based upon his criminal record. The prosecutor indicated that Mr. Brooks had prior convictions for receiving stolen property, and robbery. The prosecutor asked the judge if the judge was aware of Mr. Brooks' entire record, and the trial court indicated that it was aware of Mr. Brooks' record. It is not clear from the record whether a pre-sentence investigation was ordered in the matter. However, it appears that the trial court did possess some document or documents detailing Mr. Brooks' criminal history. The trial court noted that Mr. Brooks had many convictions for theft in 1989 and 1990. In addition, the trial court noted that "the only time [Mr. Brooks was] not committing some kind of theft offense [was] when [he was] in prison." The trial court also noted that at least one of the two charges was committed while Mr. Brooks was awaiting sentencing on a case before another judge. *See* R.C. 2929.12(D)(1), (2), (3). There is no evidence in the record to suggest that the information the trial court possessed was inaccurate, and no objection to the accuracy of the information was made by Mr. Brooks' trial counsel. Furthermore, Mr. Brooks is not taking issue with the accuracy of the information on appeal. In addition, the trial court may have reasonably concluded that Mr. Brooks was not remorseful. *See* R.C. 2929.12(D)(5). Thus, there was evidence in the record whereby the trial court could consider and apply the principles and factors in R.C. 2929.11 and 2929.12. Moreover, the record does reflect that, prior to issuing its sentence, the trial court considered materials given to it.

{¶9} In light of the record before us and the arguments made by Mr. Brooks, we cannot say that the trial court erred in sentencing Mr. Brooks to the maximum sentence on the two counts. Accordingly, Mr. Brooks' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES IN VIOLATION OF H.B. NO.[]86, R.[C.] 2929.14(C)(4), AND R.[C.] 2929.41(A), EFFECTIVE SEPTEMBER 30, 2011, WHICH REQUIRES JUDICIAL FACT FINDING TO ESTABLISH FOUNDATION FOR A CONSECUTIVE SENTENCE AND THUS TO PROVIDE APPELLATE REVIEW OF SAID SENTENCE.

{¶10} Mr. Brooks asserts in his second assignment of error that the trial court erred in sentencing him to consecutive sentences when it failed to make factual findings at the sentencing hearing. We agree.

{¶11} "On September 30, 2011, the General Assembly enacted 2011 Am.Sub.H.B. 86, 2011 Ohio Laws File 29, thereby revising R.C. 2929.14. In doing so, the General Assembly struck, and then reinserted, the language from R.C. 2929.14 excised in [*State v.*] *Foster*[, 109 Ohio St.3d 1, 2006–Ohio–856]." *State v. Just*, 9th Dist. No. 12CA0002, 2012-Ohio-4094, ¶ 48. At the time Mr. Brooks was sentenced, R.C. 2929.14(C)(4) stated that:

> [i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶12}** Thus, it is clear that trial courts must make certain findings prior to imposing consecutive sentences. *See* R.C. 2929.14(C)(4). However, while the General Assembly reenacted the portion of R.C. 2929.14 related to making factual findings prior to imposing consecutive sentences, the General Assembly did not reenact 2929.19(B)(2)(c) which required trial courts to give reasons for imposing consecutive sentences. *See Just* at ¶ 49. In *Just,* this Court concluded that the above described actions of the General Assembly when considered in light of the current wording of R.C. 2929.19(B), indicate that a trial court "was not required to set forth its findings under R.C. 2929.14(C)(4)(a)-(c) in its sentencing entry[.]" *Id.; see also State v. Bushner,* 9th Dist. No. 26532, 2012-Ohio-5996, ¶ 25. However, although this Court has held that the journal entry need not recite all of the statutory findings, *Just* at ¶ 49, other Ohio appellate courts have determined that trial courts must make the required statutory findings even if they are not actually contained in the journal entry. *See, e.g., State v. Alexander,* 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 16; *State v. LeBron,* 8th Dist. No. 97773, 2012-Ohio-4156, ¶ 11-12. In examining the changes made to R.C. 2929.14 and 2929.19, our sister appellate districts have noted that, "[w]hile the sentencing court is not required to use 'talismanic words,' it must be clear from the record that the trial court actually made the statutorily required findings." *State v. Cowins,* 1st Dist. No. C-120191, 2013-Ohio-277, ¶ 35; *see also State v. Oren,* 12th Dist. No. CA2012-05-010, 2013-Ohio-531, ¶ 25-31; *State v. Martin,* 5th Dist. No. 12-COA-020, 2012-Ohio-6282, ¶ 15; *State v. McKenzie,* 3d Dist. No. 15-12-07, 2012-Ohio-6117, ¶ 10, quoting *State v. Murrin,* 8th Dist. No. 83714, 2004-Ohio-3962, ¶ 12; *State v. Pruitt,* 8th Dist. No. 98080, 2012-Ohio-5418, ¶ 29.

**{¶13}** We agree with our colleagues' sentiments. In an environment of prison overcrowding, funding limitations, and remedial alternatives to prison, the reenactment of R.C.

2929.14(C)(4) evidences the General Assembly's intent that trial courts carefully consider certain factors and make certain findings prior to making the decision to impose consecutive sentences. *See* Ohio Legislative Service Commission, *Fiscal Note and Local Impact Statement*, http://www.lsc.state.oh.us/fiscal/fiscalnotes/129ga/hb0086en.pdf (accessed Mar. 13, 2013) (noting that the changes made by the new legislation, including the reenactment of some of the provisions struck by *Foster,* "are generally designed to reduce the size of the state's prison population and related institutional operating expenses[.]"). The fact that trial courts do not have to explain their reasoning behind their findings does not negate the fact that the trial courts still must make the findings. *See* R.C. 2929.14(C)(4). In light of the foregoing, this Court concludes that such findings must be made at the sentencing hearing on the record. *See also* Crim.R. 32(A)(4) ("At the time of imposing sentence, the court shall[] * * * [i]n serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate."). Ideally, those findings would also then be memorialized in the sentencing entry.

**{¶14}** In the instant matter, at the sentencing hearing the trial court stated that:

[b]ased upon, again, the fact that the second of those cases was committed by [Mr. Brooks] while awaiting sentencing in Judge Hunter's case, the Court orders those sentences to be consecutive and not concurrent with one another, and further orders that they be consecutive to the sentence [Mr. Brooks is] currently serving in case 2011-05-1139.

**{¶15}** In the trial court's sentencing entries, it noted that, based upon Mr. Brooks' criminal history, consecutive sentences were necessary to protect the public from future crime and to punish Mr. Brooks, and that Mr. Brooks committed the offense while awaiting sentencing in another case. *See* R.C. 2929.14(C)(4)(a). There is nothing in the record to indicate that the trial court made the second finding or considered it in imposing consecutive sentences, namely that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct

and to the danger the offender poses to the public[.]" R.C. 2929.14(C)(4). Moreover, the sentencing hearing transcript is devoid of the level of detail that would allow this Court to conclude that the trial court engaged in the appropriate analysis. Accordingly, based upon the record before us, this Court cannot say that the trial court made the factual findings at the sentencing hearing necessary to impose consecutive sentences. *See, e.g., State v. Upkins*, 3d Dist. No. 17-12-13, 2012-Ohio-6114, ¶ 4; *see also* Crim.R. 32(A)(4). Mr. Brooks' second assignment of error is sustained.

### ASSIGNMENT OF ERROR III

BROOKS' CONVICTIONS SHOULD BE REVERSED BECAUSE HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL MADE STATEMENTS WHICH SUGGESTED THAT A NEGOTIATED PLEA HAD BEEN ACHIEVED WHICH UNREASONABLY LE[D] DEFENDANT TO CONCLUDE A BARGAIN HAD BEEN REACHED AND WHEN TRIAL COUNSEL NEGLECTED TO PROVIDE MITIGATION AND ARGUMENT FOR SENTENCING OF HIS CLIENT.

{¶16} Mr. Brooks asserts in his third assignment of error that he was denied effective assistance of counsel during his plea and at sentencing. We do not agree.

{¶17} In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984). "In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *State v. Evans,* 9th Dist. No. 09CA0049-M, 2010-Ohio-3545, ¶ 4.

{¶18} Mr. Brooks first asserts that trial counsel was ineffective for misrepresenting to Mr. Brooks that there was a plea bargain whereby Mr. Brooks would plead guilty and receive prison time concurrent with that which he was already serving when there was no plea bargain. Mr. Brooks maintains such is evident from trial counsel's statement at the plea hearing. Trial counsel stated that:

> [M]y client does wish to enter pleas of guilty to forgery and passing bad checks. As I told my client, and the prosecutor throughout this case, the offer to those two cases have always been for concurrent time. My client is serving time now to August 24th, I believe, of this year. So with that understanding, he does wish to enter those pleas today. With regard to the offer today, your Honor, I'd just said, five, six years.

{¶19} We note that the meaning of the above is not clear on its face. Moreover, there is nothing else in the transcript of the plea that would even suggest the existence of a plea agreement. Mr. Brooks asks this Court to infer from the above that trial counsel told him that there was a plea deal when in fact there was none. Such an inference cannot be made from the record before us. Nor can we conclude that the above quoted passage is definitive and detailed enough to evidence that trial counsel misrepresented the existence of a plea bargain to Mr. Brooks. We note that the above quoted passage does not require the conclusion that, at the time of the plea, trial counsel believed that there was any plea bargain in place; instead, it is clear from the passage that there were discussions and offers for concurrent time in the past. Further, while the above could possibly be construed as trial counsel's understanding that there was a plea bargain in place, Mr. Brooks' answers to the trial court's questions do not support the notion that trial counsel informed Mr. Brooks that there was a plea deal in place. The trial court informed Mr. Brooks that he was subject to a minimum sentence of six months, concurrent or a maximum sentence of two years, consecutive. Mr. Books indicated that he understood that. Additionally, the trial court asked Mr. Brooks if anyone had made Mr. Brooks any promises in

exchange for his plea and Mr. Brooks answered in the negative. There are no comments from Mr. Brooks during the plea, or at the sentencing, that evidence that Mr. Brooks believed there was a plea deal in place. Thus, anything that would support such an assertion would necessarily have to come from outside the record and could not be considered in this appeal. *See State v. Garfield,* 9th Dist. No. 09CA009741, 2011-Ohio-2606, ¶ 59. In light of the above, we cannot say that Mr. Brooks has demonstrated that trial counsel's representation was deficient. Accordingly, Mr. Brooks' argument is without merit.

{¶20} Additionally, Mr. Brooks asserts that his trial counsel was ineffective for failing to present evidence in mitigation of his crimes at the sentencing hearing. Mr. Brooks' argument is pure speculation. It presupposes that there is evidence that could have been presented that would support a lesser sentence. Inherently, to substantiate his argument, Mr. Brooks would have to rely on evidence outside the record. However, on direct appeal, this Court is limited to reviewing evidence already in the record. *See id.* Thus, Mr. Brooks' third assignment of error is overruled.

### III.

{¶21} In light of the foregoing, we sustain Mr. Brooks' second assignment of error and overrule his remaining assignments of error. The matter is remanded to the Summit County Court of Common Pleas for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT


CARR, J.
CONCURS

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶22} I agree that this case must be remanded for resentencing. There is nothing in the record that indicates that the trial court considered the factors that are required under Revised Code Section 2929.14(C)(4) before imposing consecutive sentences. I do not agree, however, with the majority's conclusion that the court must make findings "on the record[]" at the sentencing hearing before imposing consecutive sentences.

{¶23} Section 2929.19(B)(1) provides what a trial court must do "before imposing sentence" "[a]t the sentencing hearing[.]" In *State v. Just*, 9th Dist. No.

12CA0002, 2012-Ohio-4094, this Court noted that Section 2929.19(B)(2)(c) used to provide that, if the court intended to impose consecutive sentences, it had to "make a finding that gives its reasons for selecting the sentence imposed[.]" *Id*. at ¶ 49, quoting R.C. 2929.19(B)(2)(c) (effective April 7, 2009). In enacting the latest version of the Section 2929.19, however, the legislature did not include that language. *Id*. This Court concluded, therefore, that "the General Assembly has eliminated the requirement that the court codify those findings in its sentencing entry." *Id*.

{¶24} The same logic that led this Court to reason that a trial court does not have to "set forth its findings under R.C. 2929.14(C)(4)(a)-(c)" in its sentencing entry compels the conclusion that a court does not have to set forth its findings on the record at the sentencing hearing. *Id*. When enacting changes to Section 2929.19(B), a section which specifically governs what a trial court is required to do "[a]t the sentencing hearing," the General Assembly removed language requiring the court to "explicitly set forth" its findings under Section 2929.14(C)(4). *Id*. I do not believe that the law, as it stands currently, requires a finding that the trial court must make these findings at the sentencing hearing. I further believe that this finding is not supported by the legislative changes to Section 2929.19(B) and may be inconsistent with this Court's decision in *State v. Just*, 9th Dist. No. 12CA0002, 2012-Ohio-4094. Because the record does not indicate that the court considered all of the necessary factors under R.C. 2929.14(C)(4), however, I agree that Mr. Brooks must be resentenced.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.