[Cite as *State v. Eichele*, 2016-Ohio-7145.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**


STATE OF OHIO,                          :          **O P I N I O N**

       Plaintiff-Appellee,          :

     - vs -                               :          **CASE NO.  2015-G-0050**

TIMOTHY J. EICHELE,                :

       Defendant-Appellant.       :


Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 15 C 000077.

Judgment: Affirmed.


*James R. Flaiz,* Geauga County Prosecutor, and *Jennifer A. Driscoll,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024  (For Plaintiff-Appellee).

*Kristina W. Supler,* McCarthy, Lebit, Crystal & Liffman, 101 West Prospect Avenue, Suite 1800, Cleveland, OH  44115 (For Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1}    Timothy J. Eichele appeals from the judgment entry of the Geauga County Court of Common Pleas, sentencing him to consecutive terms of imprisonment for attempted gross sexual imposition and endangering children.  Eichele contends the trial court failed to make the findings required for consecutive sentences pursuant to R.C. 2929.14(C)(4) prior to imposing sentence.  He further contends the trial court misapplied

the felony sentencing factors set forth at R.C. 2929.11 and 2929.12. Finding no error, we affirm.

{¶2} April 20, 2015, the Geauga County Grand Jury returned an indictment in five counts against Eichele: count one, rape, in violation of R.C. 2907.02(A)(1)(b), a first degree felony; count two, sexual battery, in violation of R.C. 2907.03(A)(5), a second degree felony; counts three and four, gross sexual imposition, in violation of R.C. 2907.05, third degree felonies; and count five, endangering children, in violation of R.C. 2919.22(A) and (E)(2)(c), a third degree felony. The indictment stemmed from his alleged conduct with his daughter, B.E., from November 1, 2014, until February 8, 2015. B.E. was only four years old at the time.

{¶3} May 8, 2015, Eichele entered a written plea of not guilty to all charges, and posted bond. Discovery ensued. Eichele moved in limine, requesting the trial court to interview B.E. to see if she was competent to testify. B.E. had turned five in the meantime. The trial court interviewed B.E. July 31, 2015, and filed its judgment entry finding her competent to testify August 3, 2015. August 25, 2015, a change of plea hearing was held, the state agreeing to dismiss counts one and two of the indictment, if Eichele pleaded guilty to the remaining counts. Eichele entered a written plea of guilty to this effect, and the trial court accepted the plea, ordering that a PSI be prepared.

{¶4} October 25, 2015, sentencing hearing went forward. The trial court sentenced Eichele to 17 months each on the gross sexual imposition counts, the terms to be served concurrently, and 24 months on the endangering children count, this term to be served consecutively to those for gross sexual imposition. Eichele was

designated a Tier II sex offender, and fines and court costs were imposed. The judgment entry of sentence was filed October 26, 2016.

{¶5} Eichele timely noticed this appeal, assigning two errors.

{¶6} Initially, we note our standard of review for felony sentences is provided by R.C. 2953.08(G)(2). *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶9-23. That statute provides, in relevant part:

{¶7} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶9} "(a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *;

{¶10} "(b) That the sentence is otherwise contrary to law."

{¶11} Eichele's first assignment of error reads: "The trial court erred and imposed a sentence contrary to law by failing to engage in the requisite analysis set forth in R.C. § 2929.14(C)(4) before imposing consecutive sentences." R.C. 2929.14(C)(4) sets forth certain findings a trial court must make before imposing consecutive sentences. While no talismanic words are required, the findings must be

made both at the sentencing hearing, and in the judgment entry of sentence. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. The division provides:

{¶12} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶13} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶14} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶16} In this case, at the sentencing hearing, defense counsel and Eichele addressed the court. After that, B.E's mother and maternal grandmother gave statements; and the trial court explained its balancing of the seriousness and recidivism

4

factors set forth at R.C. 2929.12, before pronouncing sentence, and dismissing court. Immediately thereafter, the trial court reconvened, and made the findings required by R.C. 2929.14(C)(4). Eichele argues the trial court was required to state the R.C. 2929.14(C)(4) factors *before* pronouncing sentence. As support, he cites to *Bonnell*, *supra*, and *State v. Brooks*, 9th Dist. Summit Nos. 26437 and 26352, 2013-Ohio-2169.

{¶17} We respectfully disagree with the proposition advanced. Neither *Bonnell* nor *Brooks* holds that a sentencing court must make the R.C. 2929.14(C)(4) findings before *pronouncing* sentence – only that the findings must be made before *imposing* sentence, and both at the hearing and in the judgment entry of sentence. *See, e.g.*, *Bonnell*, *supra*, at ¶36-37; *Brooks*, *supra*, at ¶12-13. A court of record speaks through its journal entries. *Bonnell*, *supra*, at ¶29. Logically, therefore, a sentence is not "imposed" until it is journalized. In this case, the trial court made the findings at the sentencing hearing; it made them in the judgment entry of sentence. This is all the statute requires. We further note that Eichele's trial counsel never objected to the manner in which the trial court proceeded.

{¶18} In this case, if the trial court had not reconvened, and placed its analysis of the R.C. 2929.14(C)(4) findings on the record, then we would be required to vacate the sentence, and remand for resentencing. We believe the trial court's action in reconvening appropriate. It is always best when a trial court can, and does, correct potential mistakes in proceedings immediately. This saves the time and resources not merely of the court, but of all the parties, and leads to a more efficient administration of justice. In this case, it meant that Eichele received his due process regarding the R.C. 2929.14(C)(4) findings as required by law.

**{¶19}** The first assignment of error lacks merit.

**{¶20}** Eichele's second assignment of error reads:

**{¶21}** "The trial court abused its discretion and violated the appellant's due process rights by failing to consider adequately all the statutory sentencing factors."

**{¶22}** "A. The trial court placed undue emphasis on the need for punishment."

**{¶23}** "B. By imposing a sentence of 41-months of incarceration, the trial court placed an unnecessary burden on government resources."

**{¶24}** Under this assignment of error, Eichele argues the trial court improperly balanced the seriousness and recidivism factors set forth at R.C. 2929.12, and failed to consider the purposes of felony sentencing set forth at R.C. 2929.11.

**{¶25}** Eichele presented a very thorough sentencing memorandum to the trial court, including numerous letters of support, and a sex offender risk assessment by Dr. Thomas G. Gazley, Ph.D. Dr. Gazley found Eichele to be at a very low level of re-offending, and opined that he would comply if community control sanctions were imposed. Eichele further points out that he had no juvenile or adult record; has otherwise led a law-abiding life; and that his offense occurred under circumstances unlikely to recur. These are all five of the factors set forth at R.C. 2929.12(E) indicating an offender is unlikely to recidivate. Eichele argues the trial court ignored the low likelihood of recidivism in sentencing him.

**{¶26}** The trial court discounted Eichele's statement of remorse at the sentencing hearing, noting his words could not take back his actions. However, it specifically put on the record its belief Eichele would not recidivate. But the trial court

6

also made findings under R.C. 2929.12(B), which sets forth the factors indicating an offender's conduct was "more serious than conduct normally constituting the offense."

**{¶27}** It found that B.E's mental injuries were more serious due to her extremely tender years. This is an exacerbating factor under R.C. 2929.12(B)(1).

**{¶28}** It found B.E. suffered serious psychological harm due to being molested by her own father. This is an exacerbating factor under R.C. 2929.12(B)(2).

**{¶29}** It found that Eichele's relationship to B.E. facilitated the offense. This is an exacerbating factor pursuant to R.C. 2929.12(B)(6).

**{¶30}** It is the trial court's duty to balance the seriousness and recidivism factors. Based on the record, there is no clear and convincing evidence the trial court erred in balancing these factors, which is the standard an appellant must meet when challenging a sentence as being contrary to R.C. 2929.12. *Marcum*, *supra*, at ¶23.

**{¶31}** This issue lacks merit.

**{¶32}** Eichele also contends the trial court misapplied R.C. 2929.11, which governs the purposes of felony sentencing. Specifically, he points to R.C. 2929.11(A), which provides, in relevant part: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender *using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.*" (Emphasis added.) Eichele emphasizes that Dr. Gazley opined that community control sanctions would be sufficient punishment, thus making his 41 month prison sentence a waste of state resources.

**{¶33}** It is very evident from the sentencing hearing the trial court considered the heinousness of Eichele's conduct required imprisonment. There is no clear and convincing evidence in the record establishing this conclusion is clearly and convincingly contrary to law.

**{¶34}** This issue lacks merit.

**{¶35}** The second assignment of error lacks merit.

**{¶36}** The assignments of error lacking merit, the judgment of the Geauga County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.