[Cite as *State v. Hill*, 2014-Ohio-1965.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 CA 892 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| ANTHONY MICHAEL HILL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:       Criminal Appeal from Common Pleas
                                Court, Case No. 13CR5769.


JUDGMENT:                       Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Donald Burns
                                 Prosecuting Attorney
                                 Attorney Steven Barnett
                                 Assistant Prosecuting Attorney
                                 7 East Main Street
                                 Carrollton, Ohio  44615

For Defendant-Appellant:         Attorney Anthony Kaplanis
                                 808 Courtyard Center
                                 116 Cleveland Avenue, NW
                                 Canton, Ohio  44702


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated:  May 5, 2014

VUKOVICH, J.

**{¶1}** Defendant-appellant Anthony Michael Hill appeals from the decision of the Carroll County Common Pleas Court sentencing him to an aggregate sentence of six years for violations of R.C. 2907.322(A)(1) and (A)(5), pandering sexually oriented matter involving a minor, second and fourth degree felonies respectively, and ordering that sentence to be served consecutive to the sentence issued in Carroll County Case No. 12CR5603 (three year sentence for attempted rape). Two issues are raised in this case. The first is whether the trial court erred when it ordered more than the minimum sentences on the pandering sexually oriented matter convictions. The second issue is whether the trial court erred when it ordered the sentence in the case at hand to run consecutive.

**{¶2}** For the reasons expressed below, the trial court did not err in ordering more than the minimum sentence; the trial court appropriately considered and weighed the purposes and principles of sentencing stated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. However, as to the consecutive sentencing order, it is not clear that the trial court considered the appropriate consecutive sentencing factors are the sentencing hearing. Therefore, the sentence is reversed and the matter is remanded for resentencing.

## Statement of the Case

**{¶3}** On March 13, 2013, the grand jury issued a 30 count indictment against Hill. Counts 1 through 15 were for pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), fourth-degree felonies. Counts 16 through 30 were for pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), second-degree felonies. The evidence of these crimes was discovered during the investigation of Carroll County Case No. 12CR5603 (Hill pled to attempted rape and was sentenced to three years). The pandering offenses predate the offense in 12CR5603. 07/30/13 Sentencing Tr. 49-50.

**{¶4}** Hill originally pled not guilty to the offenses. However, a plea agreement was reached between the parties; the state entered a nolle prosequi for counts 17 through 30 and Hill changed his plea to guilty for the remaining 16 counts.

**{¶5}** After a Crim.R. 11 colloquy, the trial court accepted the guilty plea and proceeded directly to sentencing. The state recommended a 12 month sentence on each of counts 1 through 15 to be served concurrently with each other and an 8 year sentence on count 16 to be served consecutively with counts 1 through 15. 07/30/13 Sentencing Tr. 8. Thus, the state was recommending an aggregate sentence of 9 years for the pandering convictions. The state further recommended that the 9 year sentence be served concurrent with Hill's current 3 year term of incarceration for Carroll County Case No. 12CR5603. 07/30/13 Sentencing Tr. 8. Hill argued for a lesser sentence than the one recommended by the state.

**{¶6}** The court did not follow the state's recommendation. Instead, it sentenced Hill to 12 months for each conviction on counts 1 through 15. Those sentences were ordered to be served concurrent with each other. On count 16, the trial court issued a 5 year sentence and ordered that sentence to be served consecutive to the aggregate 12 month sentence on counts 1 through 15. Therefore, the trial court issued an aggregate sentence of 6 years for the instant case. The trial court then ordered the 6 year sentence to run consecutive to the 3 year sentence he was already serving for attempted rape.

**{¶7}** Hill timely appeals from that decision.

Assignment of Error

**{¶8}** "The court misapplied sentencing laws in imposing more than minimum sentence and running them consecutive to previous case."

**{¶9}** We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Hill*, 7th Dist. No. 13MA1, 2014-Ohio-919, ¶ 20. We first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *State v. Gratz,* 7th Dist. No. 08MA101, 2009–Ohio–695, ¶ 8, citing *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 13–14. Then, if it is not clearly and convincingly contrary to law, we must determine whether the sentencing court abused its

discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz* at ¶ 8, citing *Kalish* at ¶ 17.

{¶10} Two arguments are presented under the sole assignment of error. The first is that the trial court erred in not giving the minimum sentence allowable by law for these offenses. Hill specifically contends that the trial court abused its discretion in weighing the factors in R.C. 2929.11 and R.C. 2929.12. The second argument concerns the trial court's imposition of consecutive sentences. Each will be addressed in turn.

### 1. Non Minimum Sentences

{¶11} Hill was sentenced to 5 years on the second-degree felony pandering conviction. The sentencing range for a second-degree felony is two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Thus, Hill received neither the maximum nor the minimum sentence for that conviction. Likewise, the sentence for each of the 15 convictions for fourth-degree felony pandering was neither the maximum or minimum sentence allowable by law. The sentencing range for those offenses are: six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen or eighteen months. Hill received a 12 month sentence for each of those convictions.

{¶12} In reaching the appropriate sentence, the trial court considered R.C. 2929.11, the principles and purposes of sentencing; and R.C. 2929.12, the seriousness and recidivism factors. 07/31/13 J.E.; 7/30/13 Sentencing Tr. 55-67. Hill acknowledges that the trial court considered these statutes, but asserts that the court improperly weighed the seriousness and recidivism factors and had they been weighed properly, he should have received the minimum sentence.

{¶13} The seriousness factors are set forth in R.C. 2929.12(B) and (C). Division (B) sets forth the factors that indicate that the offender's conduct is more serious than conduct normally constituting the offense. The trial court discussed all nine factors and concluded that none applied. 07/30/13 Sentencing Tr. 59-62. Section (C) sets forth the factors that indicate that the offender's conduct is less serious than conduct normally constituting the offense. The trial court considered all

four factors and determined that all were inapplicable. 07/30/13 Sentencing Tr. 62-63.

{¶14} The trial court then went on to discuss the recidivism factors found in R.C. 2929.12(D) and (E). Section (D) sets forth the factors indicating that the offender is likely to commit future crimes, while section (E) sets forth the factors indicating that the offender is less likely to commit future crimes. A criminal history, including adjudication as a delinquent and not responding favorably to previous sanctions imposed, are factors that demonstrate that recidivism is likely. R.C. 2929.12(D)(2), (3). Conversely, having no criminal history, including no juvenile record, and leading a law abiding life for a significant number of years, demonstrates that recidivism is unlikely. R.C. 2929.12(E)(1)–(3). The presentence investigation report showed that Hill had been adjudicated a delinquent child and has a criminal history. 07/30/13 Sentencing Tr. 64-66. Therefore, R.C. 2929.12(D)(2) and (3) were applicable, while R.C. 2929.12(E)(1)-(3) were not applicable. Thus, the trial court found that under those factors, recidivism was likely.

{¶15} However, those were not the only factors that indicated that recidivism was likely. The trial court also stated that the offense was committed under circumstances that were likely to reoccur. 07/30/13 Sentencing Tr. 66. This statement is an indication that division (E)(4), which states that the offense was committed under circumstances not likely to reoccur, was not applicable.

{¶16} Remorsefulness is also a consideration in determining whether recidivism is likely or unlikely. An offender who is remorseful is less likely to recommit, while an offender who is not remorseful is more likely to recommit. R.C. 2929.12(D)(5) (no genuine remorse); R.C. 2929.12(E)(5) (genuine remorse). The trial court neither found that Hill was remorseful or that he was unremorseful. 07/30/13 Sentencing Tr. 64-65, 66. Rather, the trial court stood neutral on the position of remorse:

> [(D)](5) The offender shows genuine remorse of the offense.

I'll give you credit at this hearing, whether it's for show or otherwise, you have demonstrated that you're learning insights into your condition with regard to this and your other sexual offense.

And, hopefully – and I believe that you're showing insight. I don't know if you're remorseful, but I would think that those two things would go hand-in-hand. But I'm going to go neutral on number (5) because I don't know if what you've said is remorse or just insight. I'll give you some credit for it.

\* \* \*

And says here [(E)(5)], the offender shows genuine remorse for the offense. I believe you mean to show remorse, but that's a judgment call. And I believe that I'm neutral on that finding.

07/30/13 Sentencing Tr. 64-65, 66.

**{¶17}** The trial court's analysis does show that it considered all relevant factors. Considering that the recidivism factors show that committing future crimes is likely, we hold that the trial court did not abuse its discretion when it ordered a nonminimum sentence. Therefore, Hill's argument regarding the nonminimum sentence is meritless.

### 2. Consecutive Sentences

**{¶18}** Next, Hill argues that the trial court erred when it ordered the sentence for the second-degree felony pandering conviction to run consecutive to the fourth-degree felony pandering convictions, and when it ordered that sentence to run consecutive to the sentence issued in Carroll County Case No. 12CR5603. He cites to R.C. 2929.41(A) for support for his position.

**{¶19}** That is the statute governing multiple sentences. It provides, in pertinent part:

(A) Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or

sentence of imprisonment imposed by a court of this state, another state, or the United States.

R.C. 2929.41(A).

**{¶20}** This statute has three provisions for when ordering consecutive sentences is appropriate. R.C. 2929.41(B) deals with misdemeanor sentences, which is not applicable in this case. R.C. 2971.03(D) and (E) deals with life imprisonment sentences, which also is inapplicable in this case. R.C. 2929.14(C) is the new felony sentencing provision requiring a trial court to make certain findings before imposing consecutive sentences. Pre-*Foster*, appellate courts consistently stated that consecutive sentencing findings are required when the sentences are imposed in separate cases. *State v. Givens,* 8th Dist. No. 80319, 2002-Ohio-4904, at ¶ 8 (pre-*Foster* case discussing consecutive sentence findings under R.C. 2929.14(E)); *State v. Wallace,* 5th Dist. No. 03-CA-A-07-043, 2004-Ohio-1694, at ¶ 25 (same); *State v. Gillman,* 10th Dist. No. 01AP-662, 2001-Ohio-3968 (same). The wording of R.C. 2929.14(C) and R.C. 2929.41 indicates that that rule of law is still applicable. Thus, in order for the trial court to order the second-degree felony pandering and fourth-degree felony pandering sentences in the case at hand to be served consecutive to each other and consecutive to the sentence imposed in Carroll County Case No. 12CR5603, the trial court had to comply with R.C. 2929.14(C).

**{¶21}** That statute provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a

sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶22}** This consecutive sentencing statutory provision was part of House Bill 86 and became effective September 20, 2011. The legislation was enacted in response to the Supreme Court's statement that its *Foster* decision was incorrect in striking down statutory consecutive sentence provisions and that the legislature would need to enact a new statute to revive any requirement of findings for consecutive sentences. *State v. Hodge,* 128 Ohio St.3d 1, 2010–Ohio-6320, 941 N.E.2d 768, ¶ 3 of syllabus.

**{¶23}** At this point, it is pointed out that the crimes in this case occurred prior to the effective date of the statute; the indictment indicates that the crimes occurred in April and May 2011. Although not raised in this case, the state has argued to another appellate court that this provision is inapplicable to offenses committed before the effective date. Since application of the appropriate standard is imperative to determine whether the trial court erred when it issued consecutive sentences, we must determine if R.C. 2929.14(C), as amended by House Bill 86, is applicable to Hill. If it is not applicable, then the law as announced in *Foster* would control, i.e. the trial court would not be required to articulate any specific statutory findings before issuing multiple prison terms to be served consecutively.

**{¶24}** In other cases, the state has argued that R.C. 1.58 indicates that the consecutive sentencing findings required by House Bill 86 does not apply to offenses committed prior to the effective date of the bill. *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 14-18. The Tenth Appellate District has disagreed with such conclusion. *Id.* It explained that R.C. 1.58(A) provides that an amendment or reenactment of a statute does not apply to pending cases unless R.C. 1.58(B) applies. R.C. 1.58(B) provides that when a statutory penalty or punishment for an offense is reduced by a statutory reenactment or amendment, the reduced penalty or punishment shall apply if the penalty or punishment is not "already imposed." *Id.* at ¶ 16. It explained that the penalty or punishment for the offenses might arguably be reduced if the trial court were required to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. *Id.* at ¶ 17. Therefore, it was concluded that the consecutive sentence findings required by House Bill 86 applied to all offenders who had not been sentenced prior to its effective date. *Id.*

**{¶25}** Furthermore, recently we have likewise concluded that the consecutive sentencing findings in R.C. 2929.14(C)(4) are applicable even though the crimes were committed prior to the effective date of the statute. *State v. Stout*, 7th Dist. No. 13MA30, 2014-Ohio-1094, ¶ 17. Therefore, R.C. 2929.14(C) is applicable to Hill.

**{¶26}** This leads us to whether the trial court made the required findings. This court and our sister courts have explained that under R.C. 2929.14(C)(4), the trial court is once again required to make consecutive sentencing findings. *State v. Power*, 7th Dist. No. 12CO14, 2013-Ohio-4254, ¶ 38. However, unlike the pre-*Foster* consecutive sentencing requirements, R.C. 2929.14(C) does not require the court to provide reasons on the record for those findings. *Id.*, citing *State v. Galindo–Barjas,* 7th Dist. No. 12MA37, 2013–Ohio–431, ¶ 16–17, 19; *State v. Wilson,* 2d Dist. No. 24978, 2012–Ohio–4756, ¶ 18 (court need not specifically identify the factual bases for its findings); *State v. Frasca,* 11th Dist. No.2011–T–0108, 2012–Ohio–3746, ¶ 57 (reasons were required by former R.C. 2929.19(B)(2), which was not reenacted).

**{¶27}** Furthermore, we have explained that the sentencing court should, but need not, use the exact statutory language to make the findings required by statute.

*Id.* at ¶ 40, citing *State v. Verity,* 7th Dist. No. 12MA139, 2013–Ohio–1158, ¶ 28–29; *State v. Thompson,* 7th Dist. No. 05JE16, 2005–Ohio–6792, ¶ 58. That is, the trial court is not required to recite any "magic" or talismanic" words when imposing consecutive sentences, as long as it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. McKenzie,* 3d Dist. No. 15–12–07, 2012–Ohio–6117, ¶ 10; *State v. Nowlin,* 5th Dist. No. CT2012–0015, 2012–Ohio–4923, ¶ 70; *State v. Davis,* 8th Dist. Nos. 97689, 97691, 97692, 2012–Ohio–3951, ¶ 8.

**{¶28}** We now turn to the determination of whether the trial court "engaged in the appropriate analysis." In the sentencing judgment entry, the trial court specifically lays out R.C. 2929.14(C)(4) and makes all of the required findings. It found that "a consecutive sentence is necessary to protect the public from future crime and to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public." 07/31/13 J.E. This is the requirement in R.C. 2929.14(C)(4). The trial court also found that "defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant." 07/31/13 J.E. This met the requirement in R.C. 2929.14(C)(4)(c).

**{¶29}** Despite the trial court's concise findings in the sentencing entry, the sentencing transcript does not evince that the trial court engaged in the appropriate analysis for issuing consecutive sentences.

**{¶30}** As discussed above, the trial court discusses, in depth, all of the provisions of R.C. 2929.11 and 2929.12 in determining the appropriate sentence. Following that discussion directly before imposition of the sentence, the trial court made the following statement:

> Now, having reviewed those two statutes on the record and going through the factors, speaking to each of those factors, it is the Court's intention to follow, to the best of the Court's ability the law in this area and view this as objectively as possible rather than subjectively or emotionally or personally with you.

This Court finds it has to protect the public from future crime by you in this area of sexual offense. And the Court believes it needs to invoke a punishment for the offenses that you have committed. But the Court does understand that it can use minimum sanctions to accomplish those goals. But it cannot do that to the degree that it demeans the seriousness of your conduct.

07/20/13 Sentencing Tr. 66-67.

**{¶31}** The above statement does not indicate that the trial court **only** considered R.C. 2929.11 and R.C. 2929.12 when issuing the sentence. However, in reviewing the entire transcript, it is devoid of any clear reference to R.C. 2929.14(C)(4) or its factors. While it is possible to envision a situation where we could glean the factors from a sentencing hearing transcript even when there is no reference to R.C. 2929.14(C)(4) made during the sentencing hearing, this is not one of those situations. Given the trial courts in-depth discussion and reference to the multiple factors in R.C. 2929.11 and 2929.12 in determining the appropriate length of the sentences, and the fact that there is no discussion or mention of R.C. 2929.14(C)(4) or its factors, we must conclude that the trial court did not engage in the appropriate analysis prior to issuing a consecutive sentence. Thus, the trial court did not comply with the mandates of R.C. 2929.14(C) by making the consecutive sentencing findings solely in the sentencing judgment entry.

**{¶32}** That conclusion is supported by a decision from our sister district that found that the consecutive sentence findings are required to be made at the sentencing hearing. *State v. Brooks*, 9th Dist. No. 26437, 2013-Ohio-2169, ¶ 12-13. In reaching that decision, it considered both R.C. 2929.14(C) and Crim.R. 32(A)(4), which states that at the time of imposing sentence, the court shall state its statutory findings and, if appropriate, give reasons supporting those findings. The *Brooks* court reasoned:

We agree with our colleagues' sentiments. In an environment of prison overcrowding, funding limitations, and remedial alternatives to prison, the reenactment of R.C. 2929.14(C)(4) evidences the General

Assembly's intent that trial courts carefully consider certain factors and make certain findings prior to making the decision to impose consecutive sentences. *See* Ohio Legislative Service Commission, *Fiscal Note and Local Impact Statement,* http://www.lsc.state.oh.us/fiscal/fiscalnotes/ 129ga/hb0086en.pdf (accessed Mar. 13, 2013) (noting that the changes made by the new legislation, including the reenactment of some of the provisions struck by *Foster,* "are generally designed to reduce the size of the state's prison population and related institutional operating expenses[.]"). The fact that trial courts do not have to explain their reasoning behind their findings does not negate the fact that the trial courts still must make the findings. *See* R.C. 2929.14(C)(4). In light of the foregoing, this Court concludes that such findings must be made at the sentencing hearing on the record. *See also* Crim.R. 32(A)(4) ("At the time of imposing sentence, the court shall[ ] * * * [i]n serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate."). Ideally, those findings would also then be memorialized in the sentencing entry.

*State v. Brooks*, 9th Dist. No. 26437, 2013-Ohio-2169, ¶ 12-13.

{¶33} Considering the language of Crim.R. 32(A)(4), we find that this reasoning is sound and adopt it as our own to a limited extent. Previously, we have considered both the sentencing entry and the transcript of the sentencing hearing to determine whether the findings under R.C. 2929.14(C) were made. *Verity*, 7th Dist. No. 12MA139, 2013-Ohio-1158, ¶ 34-35; *Power*, 7th Dist. No. 12CO14, 2013-Ohio-4254, ¶ 42-43. We find that considering both is permissible. However, in situations like the one before us where the sentencing transcript is devoid of any indication that the consecutive sentencing factors articulated in R.C. 2929.14(C) were considered, the case must be remanded for resentencing. The failure to consider the mandated consecutive sentencing findings cannot be cured by a journal entry that uses boilerplate language from the statute. Therefore, on that basis, we reversed and

remanded the matter for resentencing, at which the trial court should consider R.C. 2929.14(C) and determine which, if any, of those factors are applicable.

<u>Conclusion</u>

**{¶34}** The imposition of nonminimum sentences was not an abuse of discretion. However, given the record, it is unclear to this court whether the trial court considered the consecutive sentencing factors when issuing the sentence. Thus, the matter is reversed and remanded for resentencing.

Waite, J., concurs.
DeGenaro, P.J., concurs.