STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 0117 |
| V. | ) | |
| | ) | OPINION |
| DAWAN FULLER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 2011 CR 1359 A

JUDGMENT: Affirmed and Remanded

APPEARANCES:
For Plaintiff-Appellee

Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 West Boardman St., 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant

Attorney Anthony J. Farris
860 Boardman-Canfield Rd., Suite 204
Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: October 4, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, Dawan Fuller, appeals from a Mahoning County Common Pleas Court judgment sentencing him to maximum, consecutive sentences after he was convicted of two counts of attempted murder with accompanying firearm specifications.

{¶2} This matter was previously before this court on appellant's direct appeal of his conviction and sentence. *State v. Fuller*, 7th Dist. No. 12 MA 185, 2014-Ohio-1351. There we set out the facts as follows.

{¶3} In the early evening of November 23, 2011, Robert Shaffer and his mother, Michele Holmes, were each shot several times while in their home on Youngstown's west side. They both survived the assault.

{¶4} According to Shaffer and Holmes, two men came into their home and shot them. They identified one of the men as Sherrick Jackson. They both knew Jackson. Shaffer later identified appellant in court as the other man, although he could not positively identify appellant in a photo lineup.

{¶5} According to Shaffer's next-door neighbors, Brandon Randall and Jamie Seaman, appellant and Jackson were visiting at their house just prior to the shooting along with appellant's son and Jackson's girlfriend. And when Seaman heard gunshots, Randall went to Shaffer's house and saw appellant and Jackson standing over Shaffer and Holmes.

{¶6} According to Jackson, however, he acted alone in the shooting. He claimed that appellant did not even go with him to Shaffer's house. Appellant is Jackson's younger brother.

{¶7} A Mahoning County Grand Jury indicted both appellant and Jackson on two counts of attempted murder, first-degree felonies in violation of R.C. 2903.02(A)(D) and R.C. 2923.02(A), and two counts of felonious assault, second-degree felonies in violation of R .C. 2903.11(A)(2)(D). Firearm specifications accompanied all counts.

{¶8} The case against appellant proceeded to a bench trial. The trial court found him guilty of all charges and specifications. At a later sentencing hearing, the

court merged the felonious assault counts with the attempted murder counts and also merged the specifications for those counts. The court then sentenced appellant to ten years on each of the attempted murder counts and three years on each of the firearm specifications and ordered that the sentences run consecutively. Thus, the court sentenced appellant to a total of 26 years in prison.

{¶9} On appeal, this court affirmed appellant's conviction. *Fuller*, at ¶ 65. We also reviewed appellant's sentence. The only reversible error we found with appellant's sentence was that the court failed to make the required statutory findings before imposing consecutive sentences. *Id.* at ¶ 61. Therefore, we reversed appellant's sentence and remanded the matter for a new sentencing hearing. *Id.* at ¶ 65.

{¶10} On our remand, the trial court held a resentencing hearing. The trial court then sentenced appellant once again to ten years on each of the attempted murder counts and three years on each of the firearm specifications and ordered that the sentences run consecutively for a total sentence of 26 years. This court granted appellant's motion to file a delayed appeal.

{¶11} Appellant now raises a single assignment of error that states:

THE TRIAL COURT'S SENTENCING OF APPELLANT TO MAXIMUM CONSECUTIVE SENTENCES WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW IN THAT IT WAS NOT THE PRODUCT OF A *DE NOVO* SENTENCING HEARING, NO BASIS WAS PRESENTED AT THE "HEARING" TO SUPPORT ANY OF THE REQUISITE FINDINGS, AND THE RECORD DEMONSTRATES THAT IT REFLECTED RETALIATION FOR APPELLANT EXERCISING HIS RIGHT TO TRIAL.

{¶12} Appellant argues the trial court was required to, and did not, hold a de novo sentencing hearing. He asserts the court's intention all along was to impose maximum, consecutive sentences. Appellant further asserts there was no

information presented in support of maximum, consecutive sentences or the findings required to impose such a sentence.

{¶13} Appellant further argues the maximum, consecutive sentences were clearly and convincingly contrary to law because they reflected retaliation for appellant exercising his right to trial. He states that his co-defendant Jackson was offered a plea deal including a ten-year sentence, which Jackson turned down. But ultimately both appellant and Jackson were sentenced to 26 years in prison. Appellant relies on statements by the prosecutor at his first sentencing hearing that: appellant was convicted at trial; his defense at trial was that he was not present at the scene of these crimes; two witnesses placed him there; and Jackson made an absurd claim that appellant was not there and Jackson's claim that appellant was not present was absurd. Appellant contends these statements demonstrate an attempt to punish appellant for exercising his right to go to trial.

{¶14} Appellant asserts he was entitled to, and did not receive, a de novo sentencing hearing. We need not address whether appellant was actually entitled to a de novo sentencing hearing, however, because the trial court did in fact conduct a de novo hearing.

{¶15} The court heard from both the state and the defense. The court next gave appellant the opportunity to speak on his own behalf. (Tr. 5-6). The court then stated that it considered the record, the oral statements, and the principles and purposes of sentencing pursuant to R.C. 2929.11. (Tr. 7). It stated that it balanced the seriousness and recidivism factors pursuant to R.C. 2929.12. (Tr. 7). And it stated that it considered the presentence investigation that had been previously prepared in this case. (Tr. 7). The court then set out its sentence. (Tr. 7). Next, the court made the requisite consecutive sentence findings. (Tr. 7-8). Finally, the court informed appellant about post-release control. (Tr. 8-9).

{¶16} While the court ultimately imposed the same sentence that it previously imposed, this does not mean appellant did not receive a new sentencing hearing. Although the resentencing hearing was not very long, the court stated on the record

that it considered each of the items that it was required to consider in sentencing appellant, it listened to statements from counsel, and it heard from appellant.

**{¶17}** Appellant also argues the trial court punished him for exercising his right to go to trial. A trial court may not impose an increased sentence in retaliation for the defendant exercising his right to trial. *State v. Mayles*, 7th Dist. No. 04 CA 808, 2005-Ohio-1346, ¶ 45. Appellant, however, cites no evidence of the trial court's intent to punish him for exercising his right to trial. He states that the state offered his co-defendant a plea deal that included a ten-year sentence. But there is no evidence that the trial court would have sentenced the co-defendant to only ten years. Additionally, appellant points to statements by the prosecutor about appellant going to trial. But again there is no evidence that the trial court made any statements or gave any indication that its sentence was based on appellant exercising his right to go to trial. There simply appears to be no support in the record that the trial court gave appellant a harsher sentence because he went to trial.

**{¶18}** The Ohio Supreme Court has recently held that when reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1.

**{¶19}** In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929.11, which are to protect the public from future crime by the offender and others and to punish the offender. The trial court shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12(B)(C)(D)(E). The trial court indicated both at the hearing and again in its judgment entry that it considered both the principles and purposes of sentencing and the seriousness and recidivism factors. The court did not elaborate on its findings regarding these factors, but it was not required to do so. "[N]either R.C. 2929.11 nor R.C. 2929.12 requires the sentencing court to make specific findings regarding the purposes and principles of sentencing, or seriousness and recidivism factors at the

sentencing hearing or in the sentencing judgment entry." *State v. Taylor*, 7th Dist. No. 15 MA 0078, 2016-Ohio-1065, ¶ 14, citing *State v. Henry*, 7th Dist. No. 14 BE 40, 2015-Ohio-4145, ¶ 22, *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶20}** The trial court sentenced appellant to maximum sentences for the first-degree felonies. But although the General Assembly has reenacted the judicial fact-finding requirement for consecutive sentences, it has not revived the requirement for maximum sentences. *State v. Riley*, 7th Dist. No. 13 MA 180, 2015-Ohio-94, ¶ 34. Therefore, the trial court was not required to make any special findings before sentencing appellant to a maximum sentence.

**{¶21}** R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of

any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶22}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶ 38.

**{¶23}** The Ohio Supreme Court has held that the trial court must make its findings at the sentencing hearing and not simply in the sentencing judgment entry:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The court stressed the importance of making the findings at the sentencing hearing, noting this gives notice to the offender and to defense counsel. *Id.* at ¶ 29. And while the trial court should also incorporate its statutory findings into the sentencing entry, the court's inadvertent failure to do so is a clerical mistake and does not render the sentence contrary to law. *Id.* at ¶ 30.

**{¶24}** The transcript of the sentencing hearing must make it "clear from the

record that the trial court engaged in the appropriate analysis." *State v. Hill*, 7th Dist. No. 13 CA 82, 2014-Ohio-1965, ¶ 27.

**{¶25}** At the resentencing hearing, the trial court found "that consecutive sentences are necessary to protect the public from future crime." (Tr. 7-8). This finding complies with the first statutory requirement. The court also found that consecutive sentences "are not disproportionate to the seriousness of the offender's - - the defendant's conduct and the danger to the public." (Tr. 8). This finding complies with the second statutory requirement.

**{¶26}** As to the third statutory requirement, the court found "that the offender - - the defendant committed one or more of the multiple offenses while - - as part of a course of conduct, and that the defendant is not - - and that the sentencing reflects the seriousness of the offenses." (Tr. 8). This finding complies with the third statutory requirement. Appellant argues this finding was inadequate because the court failed to specifically state that "no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." But the court was not required to recite those exact words, it only had to make clear that it engaged in the appropriate analysis. *Bellard*, 2013-Ohio-2956, ¶ 17; *Hill*, 2014-Ohio-1965, at ¶ 27. The court's intent is clear that appellant committed the offenses as a part of a course of conduct and that the consecutive sentences reflect the seriousness of appellant's offenses.

**{¶27}** Thus, the trial court complied with R.C. 2929.14(C)(4) at the sentencing hearing.

**{¶28}** The trial court, however, did not incorporate its findings in the judgment entry of resentence. In fact, the court makes no mention at all of the R.C. 2929.14(C)(4) findings in its judgment entry. But as stated above, the trial court's inadvertent failure to include the consecutive sentence findings is merely a clerical mistake and does not render the sentence contrary to law. *Bonnell*, at ¶ 30. The proper remedy here is for the trial court to issue a nunc pro tunc judgment entry to reflect what actually occurred in open court. *Id.*

**{¶29}** Accordingly, appellant's sole assignment of error is without merit.

**{¶30}** For the reasons stated above, the trial court's judgment is hereby affirmed. This matter is remanded solely for the trial court to enter a nunc pro tunc entry that includes the consecutive sentencing findings that it made at the resentencing hearing.

Waite, J., concurs.

DeGenaro, J., concurs. in judgment only with attached opinion.

DeGenaro, J., concurring in judgment only.

**{¶31}** Contrary to Appellant's assertion and the majority's apparent agreement, Appellant was not entitled to a de novo sentencing after this court's remand in *State v. Fuller*, 7th Dist. No. 12MA185, 2014-Ohio-1351 (*Fuller I*). On remand, the trial court only had jurisdiction to consider whether or not to impose consecutive sentences, and if it did so, to make the required statutory findings.

**{¶32}** In his direct appeal, Appellant challenged his convictions and made a merger argument regarding his sentence. He did not assert any error regarding the imposition of consecutive sentences or that his sentence was more severe because he went to trial. *Fuller I.*

**{¶33}** The panel sua sponte considered whether the imposition of consecutive sentences was improper, ultimately concluding it was; notably this was the only meritorious error found in that appeal:

> An appellate court may, but need not, recognize plain error if substantial rights are affected, even if the error was not brought to the court's attention. Crim.R. 52(B). Yet before an appellate court can recognize plain error, it must find obvious error affecting such substantial rights that the error was outcome determinative. *State v. Noling,* 98 Ohio St.3d 44, 781 N .E.2d 88, 2002–Ohio–7044, ¶ 62. The

failure of the trial court to make the required statutory findings before imposing consecutive sentences is plain error.

*Fuller I* at ¶ 63.

**{¶34}** In this second appeal, Appellant makes much of the language in *Fuller I* that: "Appellant's sentence is reversed and the matter is remanded for a new sentencing hearing." *Fuller I* at ¶ 65. Appellant interprets this to mean de novo hearing. While that language could have been more precise, a de novo hearing is inconsistent with the overall holding of the opinion: the only sentencing error involved consecutive sentences, and thus this was the only error the trial court had jurisdiction to revisit on remand.

**{¶35}** This panel was presented with the same situation in *State v. Smith,* 7th Dist. Case No. 12 MA 168, 2014-Ohio-1398 (*Smith I*) and *State v. Smith,* 7th Dist. No. 14 MA 65, 2015-Ohio-4809 (*Smith II*). In *Smith I* we rejected Smith's merger argument but sustained his argument that the trial court failed to make the requisite findings before imposing consecutive sentences, and remanded "the case for resentencing," *Smith I* at ¶ 24.

**{¶36}** On remand, Smith sought to withdraw his plea, which the trial court rejected, reasoning it lacked the jurisdiction to do so as the case "was remanded only for resentencing regarding the consecutive nature of his sentences." *Smith II* ¶ at 1. Presented in the context of an *Anders* no merit appeal, this panel held that as the case involved a limited remand for resentencing due to the erroneous imposition of consecutive sentences, the trial court could not entertain Smith's motion to withdraw his plea. *Smith II* at ¶ 5. *See generally Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We then determined that the consecutive sentencing error had been corrected, and affirmed. *Smith II* at ¶ 6.

**{¶37}** So should have been the conclusion here. Again, in this case and in *Smith*, our opinion language directing the remand could have been more precise. However, the trial court in *Smith* properly limited its consideration on remand to correct the consecutive sentencing error only, which is what the trial court should

have done here.

**{¶38}** Finally, Appellant's arguments regarding the imposition of a maximum sentence as well as being more severe because he opted to go to trial are barred by res judicata. "It is well settled that 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *State v. Dillard*, 7th Dist. No. 08 JE 35, 2010-Ohio-1407, ¶ 15, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Appellant failed to raise these arguments in his direct appeal, and cannot now do so for the first time here.

**{¶39}** Because I agree with the ultimate outcome of the majority's decision, though not its reasoning, I respectfully concur in judgment only.