[Cite as *State v. Corlett*, 2025-Ohio-2907.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRUCE DUANE CORLETT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0015

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CR 25

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed and Remanded.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*, Atty. Ralph M. Rivera* and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorneys, for Plaintiff-Appellee and

*Atty. Christopher P. Lacich*, Roth, Blair, for Defendant-Appellant.

Dated: August 14, 2025

**HANNI, J.**

{¶1} Defendant-Appellant, Bruce Duane Corlett, appeals from a Mahoning County Common Pleas Court judgment convicting him of two counts of unlawful sexual conduct with a minor and sentencing him to seven years in prison, following his guilty plea. Appellant argues on appeal that the trial court erred in sentencing him to a maximum sentence on Count 1 and to consecutive sentences. He also suggests that his plea may have been made unknowingly. Because Appellant's sentence is not contrary to law and because he entered his plea knowingly, voluntarily, and intelligently, the trial court's judgment is affirmed. However, because the trial court failed to include all three consecutive sentencing findings in its judgment entry, which it made at the sentencing hearing, we must remand this matter for it to enter a nunc pro tunc entry to correct this clerical mistake.

{¶2} Appellant pleaded guilty in this case. Thus, the facts of record are scant. Sometime in 2023, Appellant, who was in his sixties, struck up a friendship with the victim, a 15-year-old girl. The two spent time smoking marijuana together. In June 2023, Appellant asked the victim if she wanted to "have some fun." He then performed oral sex on the victim and also attempted to have intercourse with her. The victim immediately reported this incident to her grandmother. Upon investigation, Appellant's DNA was found on the victim's breast.

{¶3} On January 11, 2024, a Mahoning County Grand Jury indicted Appellant on two counts of unlawful sexual conduct with a minor (Counts 1 and 2), third-degree felonies in violation of R.C. 2907.04(A)(B)(3); one count of sexual imposition (Count 3), a third-degree misdemeanor in violation of R.C. 2907.06(A)(4)(C); and one count of corrupting another with drugs (Count 4), a fourth-degree felony in violation of R.C. 2925.02(A)(4)(a)(C)(3). Appellant initially pleaded not guilty.

{¶4} On Appellant's motion, on March 15, 2024, the trial court ordered a forensic examination to determine Appellant's competency to stand trial and an evaluation of Appellant's sanity at the time of the offense. The forensic evaluation determined that Appellant was both competent to stand trial and sane at the time of the offense.

**{¶5}** On May 16, 2024, Appellant requested a second opinion on the competency and sanity evaluation. The trial court granted this request and ordered a second forensic evaluation.

**{¶6}** On November 20, 2024, the parties stipulated to the conclusion of the second forensic evaluation that Appellant was both competent to stand trial and sane at the time of the offense.

**{¶7}** Appellant subsequently engaged in plea negotiations with Plaintiff-Appellee, the State of Ohio. On December 19, 2024, the trial court held a change of plea hearing. Appellant indicated that he wished to enter a guilty plea to Counts 1 and 2. In exchange, the State would dismiss Counts 3 and 4. The State would also recommend a seven-year sentence while Appellant would argue for a lesser sentence. The trial court accepted Appellant's guilty plea, ordered a presentence investigation (PSI), and set the matter for sentencing.

**{¶8}** The trial court held Appellant's sentencing hearing on February 6, 2025. It sentenced Appellant to five years on Count 1 and two years on Count 2, to be served consecutively for a total sentence of seven years. The court also designated Appellant as a Tier II sex offender. Appellant filed a timely notice of appeal on February 24, 2025.

**{¶9}** Appellant now raises a single assignment of error that states:

THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CLEARLY AND CONVINCINGLY CONTRARY TO THE LAW, WHEN IT SENTENCED THE APPELLANT TO A DEFINITE PRISON SANCTION OF SEVEN YEARS, AS A RESULT OF IMPOSING THE MAXIMUM SENTENCE ON COUNT ONE AND FOR COUNT TWO TO RUN CONSECUTIVE TO COUNT ONE (CONSECUTIVE SENTENCES)[.]

**{¶10}** Appellant argues the trial court simply adopted the State's recommendation without any consideration of the mitigating factors presented at the sentencing hearing and in the PSI. Appellant points to evidence that he suffered sexual abuse by his father and that he suffers from mental illness. He also claims that because he is age 67, a seven-year sentence is potentially a life sentence. Under these facts, Appellant claims his sentence is contrary to law. Appellant further makes much of the fact that his counsel

did not object to his sentence. And he asserts that the trial court "mechanically" applied the sentencing statutes without giving any consideration to his circumstances. He also takes issue with his maximum sentence on Count 1 and his consecutive sentences.

**{¶11}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

**{¶12}** Appellant was convicted of two third-degree felonies in violation of R.C. 2907.04. The possible prison sentences for a third-degree felony in violation of R.C. 2907.04 are 12, 18, 24, 30, 36, 42, 48, 54, or 60 months. R.C. 2929.14(A)(3)(a). Thus, appellant's five-year prison sentence on Count 1 was the maximum sentence authorized by statute.

**{¶13}** In sentencing a felony offender, the trial court must consider the seriousness and recidivism factors set out in R.C. 2929.12(B)(C)(D)(E). In sentencing an offender to a maximum sentence, however, the court is not required to make any specific findings before imposing a maximum sentence. *State v. Riley*, 2015-Ohio-94, ¶ 34 (7th Dist.).

**{¶14}** Before sentencing Appellant, the trial court listened to arguments from both counsel. It also listened to statements from the victim, the victim's grandmother, Appellant's niece, Appellant's son, and Appellant. The court discussed the PSI, which indicated that Appellant had suffered sexual abuse by his own father. The court then stated that because of that past sexual abuse, this case was even more offensive. (Sentencing Tr. 16-17). The court explained that Appellant "would know more than most how you can destroy a young person's psyche, their trust in others, affect their relationships for the rest of their lives by doing exactly what he did." (Sentencing Tr. 17). It went on to explain that while it recognized sympathy for Appellant's terrible upbringing, the thing that was most important at sentencing was the harm to the victim and ensuring that "the system" does not demean it. (Sentencing Tr. 17).

**{¶15}** The court went on to state that it considered the principles and purposes of sentencing in accordance with R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13. (Sentencing Tr. 17-18). It stated that it weighed the seriousness and recidivism factors.

(Sentencing Tr. 18). The court further stated that harsher charges could have been brought against Appellant with harsher penalties. (Sentencing Tr. 18-19).

**{¶16}** Appellant's maximum sentence on Count 1 is not contrary to law. The trial court considered all of the statutory sentencing considerations. Further, it was not required to make any particular findings before sentencing Appellant to a maximum sentence. And, contrary to Appellant's assertion, the trial court specifically took into consideration the fact that Appellant himself had been a victim of sexual abuse.

**{¶17}** As to the issue of consecutive sentences, R.C. 2929.14(C)(4) requires a trial court to make specific findings:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶18}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 2013-Ohio-2956, ¶ 17 (7th Dist.). The court need not give its reasons for making those findings however. *State v. Power*, 2013-Ohio-4254, ¶ 38 (7th Dist.). A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 2015-Ohio-4100, ¶ 33-34 (7th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

**{¶19}** In this case, the trial court made each of the three statutorily-required consecutive sentencing findings at the sentencing hearing. The court was not required to give its reasons for making these findings. *Power* at ¶ 38. The trial court found that consecutive sentences were necessary to protect the public from future crime by Appellant and to punish him. (Sentencing Tr. 19). It found that consecutive sentences were not disproportionate to the seriousness of Appellant's conduct and the danger he posed to the public. (Sentencing Tr. 19). And it found that Appellant's criminal history demonstrated consecutive sentences were necessary to protect the public from future crime. (Sentencing Tr. 19). As to Appellant's criminal history, the court referenced Appellant's record dating back to 2010 including convictions for menacing, telecommunications harassment, violating a protection order, and multiple instances of disorderly conduct.

**{¶20}** But the trial court only incorporated two out of the three findings into its judgment entry. In the judgment entry, the court found that (1) consecutive sentences were necessary to protect the public from future crime and to punish Appellant and (2) consecutive sentences were not disproportionate to the seriousness of Appellant's conduct and the danger he posed to the public. But it did not incorporate the third required finding that Appellant's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime.

**{¶21}** The trial court's inadvertent failure to include the consecutive sentence findings is merely a clerical mistake and does not render the sentence contrary to law. *State v. Fuller*, 2016-Ohio-7285, ¶ 28 (7th Dist.), citing *Bonnell*, 2014-Ohio-3177, at ¶ 30. The proper remedy is for the trial court to issue a nunc pro tunc judgment entry to reflect what actually occurred in open court at the sentencing hearing. *Id*. Therefore, we must remand this case with instructions for the court to issue a nunc pro tunc judgment entry to correct this clerical error.

**{¶22}** Although he does not raise the voluntariness of his plea as an assignment of error, Appellant makes a brief mention that his plea was "suspect" in light of his mental illness. Thus, we will briefly review Appellant's plea.

**{¶23}** Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 2004-Ohio-6806, ¶ 11 (7th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

**{¶24}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of five federal constitutional rights. *Martinez* at ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c). A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as: informing the defendant of the nature of the charges and of the maximum penalty involved and, if applicable, that the defendant is not eligible for probation or community control sanctions at the sentencing hearing; informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest; and informing the defendant that the court, upon acceptance of the plea, may proceed with judgment and sentence. *Martinez* at ¶ 12, citing Crim.R. 11(C)(2)(a)(b).

**{¶25}** In this case, the trial court properly advised Appellant of each of the constitutional rights he was waiving by entering a guilty plea. The court advised him that

he was waiving the right to a jury trial, the right to confront witnesses against him, the right to compel witnesses on his behalf, the right to require the State to prove his guilt beyond a reasonable doubt, and the right against self-incrimination. (Plea Tr.12-14). Appellant does not dispute this in his brief. Thus, the trial court strictly complied with Crim.R. 11(C)(2) pertaining to the waiver of Appellant's federal constitutional rights.

**{¶26}** Therefore, we must move on to consider whether the trial court substantially complied with Crim.R. 11(C)(2) pertaining to Appellant's non-constitutional rights. The trial court advised Appellant of the nature of the charges against him, the maximum penalty he faced, and the effect of a guilty plea. (Plea Tr. 8-9, 19). The court did not specifically state that it could proceed immediately to sentencing. But it informed Appellant that it would listen to his and counsel's arguments and any statement by the victim and it would not go beyond the State's recommended sentence of seven years. (Plea Tr. 9-10). The court also ordered a presentence investigation and indicated it would schedule sentencing for a later date. So the court met the substantial compliance standard in this case. Again, Appellant does not dispute this in his brief.

**{¶27}** Appellant only claims that he exhibited some confusion surrounding his plea. This was due to the fact that he was pleading guilty to Counts 1 and 2 (both unlawful sexual conduct with a minor) and the State was dismissing Counts 3 and 4 (sexual imposition and corrupting another with drugs). When asked by the court what his plea was, Appellant was confused as to which two counts he was pleading guilty to. (Plea Tr. 20). The court then took a brief recess so Appellant could go over the matter with his counsel. (Plea Tr. 21). The court then took another recess so Appellant could speak with his niece who was also in the courtroom. (Plea Tr. 23). After speaking with his counsel and his niece, Appellant told the court he did not have any further questions. (Plea Tr. 25). He then entered his guilty plea to Counts 1 and 2. (Plea Tr. 25). Thus, while he may have initially been confused as to which offense corresponded to which count number, the trial court made sure Appellant had ample time to discuss the matter with counsel before proceeding in an informed manner.

**{¶28}** Thus, Appellant entered his plea knowingly, voluntarily, and intelligently.

{¶29} Accordingly, Appellant's sole assignment of error has merit and is sustained only as it pertains to the consecutive sentencing findings in the judgment entry. The assignment of error is without merit and is overruled in all other respects.

{¶30} For the reasons stated above, the trial court's judgment is affirmed. The matter is remanded solely for the trial court to issue a nunc pro tunc judgment including all of the statutory consecutive sentencing findings that it made at the sentencing hearing.

Waite, J., concurs.

Dickey, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error has merit and is sustained only as it pertains to the consecutive sentencing findings in the judgment entry. The assignment of error is without merit and is overruled in all other respects. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. The matter is remanded solely for the trial court to issue a nunc pro tunc judgment including all of the statutory consecutive sentencing findings that it made at the sentencing hearing. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**